I cannot after a frequent revision of my first (565) impressions in this case, reconcile my mind to any other construction of the agreement than that which requires the purchaser to give bond and security for the whole amount of the purchase money. There is surely weight in the argument, that as the bidding was confined to the partners, the purchaser cannot be understood to have bought his own right, which remained as it was before the sale, and could not be an ingredient in his estimation of the price. The spirit of the agreement seems to be, that any one of the partners may buy out the *Page 479 
other two or that any two may buy out the third; and that the highest sum bid shall be the consideration of the shares so purchased. So material a change of the contract, as that of lessening the price in the proportion of the purchaser's share, ought not to be made, without the most clear and explicit understanding of the parties; or unless it resulted plainly from the words of the agreement. As the interest of these parties was, before the sale, equal, it appears to me no one could bid more than he was willing to give, constantly keeping in view that he was owned. Indeed, so far as any light is reflected from usage, it is favorable to such a construction; particularly to the case of joint owners of vessels setting them up to the highest bidder, and excluding strangers.